IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LOGIK SYSTEMS, INC.**<br>709 G Street, NW<br>Washington, DC 20001,<br><br>    Plaintiff,<br><br>v.<br><br>**DOUGLAS MARCH**<br>1800 Wilson Blvd., Apt. 432<br>Arlington, VA 22201<br><br>    Defendant. | Case No. _____ |

## PLAINTIFF'S MOTION TO PRESERVE EVIDENCE

Plaintiff Logik Systems, Inc. ("Logik" or the "Company"), by counsel, hereby respectfully requests entry of an Order directing Defendant Douglas March ("March") to preserve and retain any and all evidence that is directly relevant to, or reasonably calculated to lead to, the discovery of evidence admissible in this case. Logik files this Motion simultaneously with its Complaint for Injunctive Relief and Damages, Motion for a Temporary Restraining Order and Preliminary Injunction, and Motion for Expedited Discovery.

## STATEMENT OF FACTS

Logik brings this action against its former employee Douglas March who has breached his Non-Competition, Non-Solicitation, and Confidentiality Agreement, violated the District of Columbia Uniform Trade Secrets Act, and committed conversion by stealing Logik's confidential and proprietary information and trade secrets.

March resigned his employment with Logik on July 2, 2010. Prior to his resignation, March had access to Logik's confidential and proprietary information and trade secrets, including, but not limited to, the source code for Logik's primary e-discovery application – Gridlogik – as well as the source code for Logikcull – an e-discovery application currently in development by Logik. In the week following March's departure from Logik, the Company learned the following:

- On May 12, 2010, March shared Logik's trade secrets with a third party who works for a competitor.

- Upon information and belief, on June 29, 2010, March met with a competitor of Logik's to discuss developing an application to compete with Logikcull.

- On June 29, 2010, March discussed developing an application to compete with Logikcull with the company that Logik is paying to help develop the source code for Logikcull.

- Just minutes after agreeing to resign his employment with Logik on July 2, March asked a friend how to erase a computer.

- Approximately 10 minutes later, March uploaded a text file containing Logik passwords to his personal Dropbox account on the web. March then deleted the file that same day at 2:26 p.m.

- Before July 4, 2010, March uploaded the source code for both Gridlogik and Logikcull to his personal Dropbox account on the web.

- March entered Logik's office without authorization on July 5.

- March currently has the source code for Logikcull in a folder that he can share with third parties in his personal Dropbox account on the web.

Upon information and belief, March currently has the source code for Gridlogik and Logikcull as well as other trade secrets of Logik's on his home computer, and intends to use the source code for Logikcull to create an application to compete with Logik and/or to sell the source code for Logikcull to a competitor of Logik's.

## STATEMENT OF POINTS AND AUTHORITIES

An order requiring parties to preserve evidence is appropriate where there is a likelihood that, in the absence of such an order, evidence may be lost or destroyed. Of particular importance to this case is the increasingly recognized special duty to preserve electronic evidence. *See, e.g., Hypro, LLC v. Reser*, No. Civ. 04-4921 DWF/JSM, 2004 WL 2905321 (D. Minn. Dec. 10, 2004) (granting plaintiff's motion to preserve and protect evidence where plaintiff alleged that defendant had deleted information from his company laptop computer); *Silvestri v. General Motors Corp.*, 271 F.3d 583, 591 (4th Cir. 2001); *Thomson v. United States Dep't of Housing and Urban Dev.*, 219 F.R.D. 93, 96 (D. Md. 2003); *Zubulake v. UBS Warburg LLC*, No. 02 Civ. 1243 (SAS), 2003 U.S. Dist. LEXIS 18771 (S.D.N.Y. Oct. 22, 2003); *William T. Thompson Co. v. General Nutrition Corp., Inc.*, 593 F. Supp. 1443, 1455 (C.D. Cal. 1984).

The duty to preserve electronic evidence is triggered when the party knows or should have known that the evidence is relevant to litigation. *See Zubulake*, 2003 U.S. Dist. LEXIS 18771, at *15 ("Once a party reasonably anticipates litigation, it must suspend its routine document retention/destruction policy and put in place a "litigation hold" to ensure the preservation of relevant documents."); *Winters v. Textron, Inc.*, 187 F.R.D. 518, 520 (M.D. Pa. 1999) ("A duty to preserve evidence, independent from a court order to preserve evidence, arises when there is (1) pending or probable litigation involving the defendant; (2) knowledge of the existence or likelihood of litigation, (3) foreseeable prejudice to the other party if the evidence

3.

were to be discarded and (4) evidence relevant to the litigation.").

Here, as Logik's Complaint for Injunctive Relief and Damages demonstrates, much of the information that the Company needs to prove March's wrongful conduct is of such a nature that it is easily destroyed intentionally or unintentionally. For Logik to prepare adequately for the hearing on its Motion for Preliminary Injunction, it is necessary that the Court enter an Order directing March to preserve all relevant information and documents for purposes of the hearing and discovery. An Order is particularly appropriate here given March's demonstrated inclination to destroy or attempt to destroy electronic evidence. Entry of such an Order will not harm March. However, failure to enter such an Order will substantially and irreparably harm Logik by subjecting potentially relevant evidence to destruction and/or spoliation.

WHEREFORE, Logik respectfully requests that the Court grant its Motion to Preserve Evidence and enter an Order directing March, and all other persons or entities within his control or supervision, and all other persons or entities acting in concert with him or on his behalf or participating with him, to preserve, maintain, and protect in their present state from destruction, modification, or alteration, any and all evidence that is reasonably calculated to lead to the discovery of admissible evidence in this action, including, but not limited to: Logik's confidential and proprietary information (e.g., source code for Gridlogik and Logikcull) whether on paper or stored electronically; any correspondence related to Logik's confidential and proprietary information whether on paper or stored electronically; any other information related to Logik's business or March's employment with Logik whether on paper or stored electronically; and any and all data (e.g., files, email, etc.) stored on any computer or electronic device within March's possession, custody, or control.

Logik also respectfully requests that the Court direct March to permit Logik immediate

5.

access to any computer or electronic device within March's possession, custody, or control for purposes of conducting a forensic examination to ascertain whether Logik's confidential and proprietary information is resident on such equipment and, if so, deleting it.

Dated: July 13, 2010

Respectfully submitted,

_____
Paul J. Kennedy (D.C. Bar No. 428623)
pkennedy@littler.com
Katherine A. Goetzl (D.C. Bar No. 457660)
kgoetzl@littler.com
LITTLER MENDELSON, P.C.
1150 17th Street N.W., Suite 900
Washington, DC 20036
202.842.3400 Telephone
202.842.0011 Facsimile

Counsel for Plaintiff
Logik Systems, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that, on July 13, 2010, a copy of the foregoing Plaintiff's Motion to Preserve Evidence was served by hand delivery upon the following:

> Douglas March
> 1800 Wilson Blvd., Apt. 432
> Arlington, VA 22201

*/s/ Katherine A. Goetzl*
Katherine A. Goetzl

Firmwide:96291666.1 060674.1000